UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| KHADHRAA NAQTA KHADAFY, a.k.a. JayQuan Dilday[1]<br>　　Plaintiff,<br><br>v.<br><br>DERBY POLICE DEPARTMENT, et al.,<br>　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. 3:21-cv-465 (KAD) |

**INITIAL REVIEW ORDER**

Plaintiff, Khadhraa Naqta Khadafy ("Khadafy"), a pretrial detainee currently held at Northern Correctional Institution in Somers, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983 against four defendants: Derby Police Department, Officer Donston, Officer Foley, and John Doe. Khadafy asserts two federal retaliation claims and a state-law claim for conversion. He also generally refers to claims for unconstitutional seizure and false arrest. He seeks damages, as well as declaratory and injunctive relief. The complaint was received on April 5, 2021. Khadafy's motion to proceed *in forma pauperis* was granted on April 9, 2021.

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a

---

[1] Plaintiff also refers to himself in the Complaint as "the plaintiff's de Mali," Doc. No. 1 ¶¶ 9, 10, and states that he is incarcerated under the name JayQuan Dilday, which the Court has confirmed through the Department of Correction website.

defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

On August 23, 2020, Officers Donston and Foley reported receiving a call about a suspicious person or persons entering a dwelling or vehicle in a Derby neighborhood. Doc. No. 1 ¶ 14. Khadafy was arrested that day. *Id.* ¶ 15. The arresting officer did not announce himself before making racially derogatory remarks, such as calling Khadafy "black," and accusing him of burglarizing the area. *Id.* ¶ 16.

Khadafy was brought to the police station without a line up or witness identification. *Id.* ¶ 17. Khadafy had a number of gift cards, a prepaid debit card, phones, social security cards of other persons, and cash in his possession. *Id.* ¶ 19. Some of the cards belonged to him and some to others. *Id.* Khadafy had been released from prison on August 18, 2020 after being held for two years as a pretrial detainee. *Id.* ¶ 20. Detainees are not provided re-entry assistance, so upon his release, Khadafy had no identification cards; he only had cash from a settlement with the

Department of Correction, which he used to purchase gift cards and a phone. *Id.* ¶¶ 21-22. Khadafy explained this to the arresting officers but they did not attempt to verify his claims. *Id.* ¶ 22.

Khadafy was taken to the Derby Police Department for booking. *Id.* ¶ 23. There were two other people there, a person alleged to be Khadafy's co-defendant and an unnamed other. *Id.* ¶ 24. The co-defendant was sleeping, so Khadafy assumed that he had been arrested earlier. *Id.*

After searching him, officers asked Khadafy to provide a written statement while he was being processed. *Id.* ¶ 25. Khadafy refused. *Id.* The officers did not read Khadafy his rights. *Id.* ¶ 26. However, he was aware of his rights from "experience" and chose to remain silent. *Id.* Whichever officer conducted his processing, Officer Donston or Officer Foley, considered Khadafy to be noncompliant. *Id.* ¶ 27.

The defendants retained Khadafy's property, including his cash and phone, stating it was evidence in an ongoing investigation. *Id.* ¶ 28. Khadafy argued that the pictures on the phone showed that the phone belonged to him. *Id.* ¶ 29. At least one gift card had Khadafy's name on it. *Id.* ¶ 35. The defendants told Khadafy that he would not receive his property until he learned to cooperate. *Id.* ¶ 31.

The defendants charged the dead battery on Khadafy's phone and began to search the phone. *Id.* ¶ 36. They did not have a warrant to seize the property and Khadafy alleges that they had no reason to believe it was related to the alleged crime. *Id.* ¶ 37. Khadafy was charged with three counts of burglary, three counts of larceny, and interference with an officer. *Id.* ¶ 38.

Khadafy learned that his co-defendant had been permitted to retain his property after processing, presumably because he cooperated with police. *Id.* ¶ 39.

Later in the day, police told Khadafy and his co-defendant that they had found a stolen car in the area and that the co-defendant had been in possession of the key to the car. *Id.* ¶ 41. The defendants said that the car had been stolen about a month earlier, suggesting that they knew Khadafy, who was in prison at that time, could not have stolen it. *Id.* ¶ 42.

The defendants asked Khadafy to provide an affidavit so they would not have to obtain video surveillance footage showing the co-defendant in the stolen vehicle in exchange for a favorable notation in his record. *Id.* ¶ 43. Khadafy said he had no knowledge of the stolen vehicle and declined to provide an affidavit. *Id.* ¶¶ 44-45. The defendants threatened to charge Khadafy with larceny for the stolen vehicle if he did not provide the affidavit and did so charge him. *Id.* ¶¶ 46-48. The defendants did not ask the co-defendant for an affidavit. *Id.* ¶ 49.[2]

**Discussion**

Khadafy asserts federal claims against the individual officers in their individual capacities and a state claim against the Derby Police Department. Khadafy alleges that defendants Donston, Foley, and Doe retaliated against him for exercising his Fifth Amendment right to remain silent by confiscating his money and property, and for exercising his First Amendment right to refuse to provide a statement by charging him with larceny in the first degree. He also asserts that the Derby Police Department committed the common law tort of conversion by indefinitely depriving him of his property. Khadafy also references, though does

---

[2] The Court observes that the allegations in the complaint appear to overlap, perhaps significantly, with the criminal allegations against Khadafy which remain pending in the Superior Court, and with respect to which he has a Fifth Amendment right to remain silent. The Court takes no position with respect to the advisability of proceeding in this matter but makes this observation because Khadafy proceeds here, *pro se* and there is no indication that his attorney in the criminal proceedings has counseled Khadafy in this matter.

not obviously assert, Fourth Amendment claims of false arrest and illegal search and seizure of property against the individual officers.

### False Arrest

Federal claims for false arrest are analyzed under state law. *See El Badrawi v. Department of Homeland Sec.*, 579 F. Supp. 2d 249, 269 (D. Conn. 2008) ("The elements of false arrest/false imprisonment under Connecticut law are essentially the same elements needed to articulate a Fourth Amendment violation.") (citations omitted). One requirement of a false arrest claim is that the underlying criminal case ended favorably for the arrestee. *See Miles v. City of Hartford*, 445 F. App/'x 379, 383 (2d Cir. 2011) ("favorable termination is an element of 'a section 1983 claim sounding in false imprisonment or false arrest'") (quoting *Roesch v. Otarola*, 980 F.2d 850, 853-54 (2d Cir. 1992)). Khadafy alleges that he has had a bond hearing but has not yet been arraigned. Doc. No. ¶ 15. Thus, the case resulting from his arrest has not terminated in his favor. Any intended false arrest claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as prematurely filed.

### Unconstitutional Search and Seizure

Khadafy alleges that, following his arrest, the defendants unlawfully retained his money and personal property and searched his phone. The Fourth Amendment protects against unreasonable searches and seizures. A search occurs when police "seek information by intruding on a person's reasonable expectation of privacy or by means of trespassing upon one's person, house, papers, or effects." *United States v. Smith*, 967 F.3d 198, 205 (2d Cir. 2020) (citing *Florida v. Jardines*, 569 U.S. 1, 5 (2013)). A seizure occurs "if the police meaningfully interfere with an individual's possessory interests in that property." *Id.* (citing *United States v. Jacobsen*,

5

466 U.S. 109, 113 (1984)).

"[W]hen a person is arrested in a place other than his home, the arresting officers may 'impound the personal effects that are with him at the time to ensure the safety of those effects....'" *United States v. Perea*, 986 F.2d 633, 643-44 (2d Cir. 1993) (citation omitted). Thus, the initial seizure of Khadafy's property was not unconstitutional. Indeed, Khadafy alleges that the defendants told him that the items, including several gift and cash cards not in his name and social security cards for persons other than himself, were evidence in an on-going investigation. Further, where "an initial seizure of property was reasonable, defendants' failure to return the items does not, by itself, state a separate Fourth Amendment claim of unreasonable seizure." *Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*, 363 F.3d 177, 187 (2d Cir. 2004). Here, however, Khadafy also alleges that similar items were returned to other detained persons after booking but his property was not returned because he was considered uncooperative. As his allegations go beyond the mere retention of his property, the court will permit the unlawful seizure claim to proceed for further development of the record.

Khadafy also alleges that the defendants charged and searched his phone without a warrant. Ordinary personal effects found on an arrestee's person may be searched without a warrant. *Smith*, 967 F.3d at 207-08 (citing *Riley v. California*, 573 U.S. 373, 382-85 (2014)). Phones and other electronic devices which store large amounts of personal information, however, may not be searched absent a warrant. *Id.* at 208 (citing *Riley*, 573 U.S. at 393-97, 403). As the defendants are alleged to have searched Khadafy's phone without a warrant, the Fourth Amendment claim as to the search of the phone will proceed as well.

**Retaliation**

6

To state a First Amendment retaliation claim, Khadafy must allege "(1) that [his] speech or conduct … was protected, (2) that the defendant took adverse action against [him], and (3) that there was a causal connection between the protected [activity] and the adverse action." *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (quoting *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015) (internal quotation marks omitted). The adverse action must have been sufficiently serious that it would deter a similarly situated person of ordinary firmness from exercising his right to speech. *See id.* at 93-94. "Otherwise, the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Dawes v. Walker*, 239 F.3d 489, 493 (2d Cir. 2001).

Khadafy alleges that defendants Donston, Foley, and Doe retaliated against him for exercising his Fifth Amendment right to remain silent and his First Amendment right to refuse to provide a statement. The Supreme Court has long recognized that the government may not retaliate against an individual for asserting his Fifth Amendment right to remain silent. *Wilkie v. Robbins*, 551 U.S. 537, 555-56 (2007) (citing *Lefkowitz v. Turley*, 414 U.S. 70 (1973)). Regarding his refusal to provide an affidavit, the Second Circuit has held that a prisoner has a First Amendment right not to serve as an informant. *Burns v. Martuscello*, 890 F.3d 77, 94-95 (2d Cir. 2018). Although the Second Circuit has not considered whether there is a First Amendment right not to provide a statement to the police, the court will assume for purposes of initial review that Khadafy's refusal to provide the affidavit was protected conduct.

As retaliation, Khadafy alleges that his property was taken and retained preventing him from posting a bond to secure his release and that he was charged with a larceny. These actions appear serious enough to constitute adverse actions. In addition, Khadafy alleges that his

7

protected conduct was the direct cause of the adverse actions.  Thus, his retaliation claims will proceed against defendants Donston, Foley, and Doe.

**State Law Claim for Conversion**

Khadafy brings his state law claim for conversion claim against the Derby Police Department.  Municipal police departments, however, are not entities that can be sued under state law.  *See Himmelstein v. Town of Windsor*, No. HHDCV054013928S, 2006 WL 1493229, at *3 (Conn. Super. Ct. May 16, 2006) (entities like municipal police departments, which have no legal existence under state law, cannot be sued (citations omitted)), *aff'd*, 304 Conn. 298, 39 A.3d 1065 (2012).   Khadafy's claim against the Derby Police Department is dismissed.

Although the City of Derby is an entity that can be sued, Khadafy fails to allege facts supporting a claim for municipal liability.  Connecticut General Statutes § 52-557n provides the exclusive means by which to assert a claim of municipal liability based upon the conduct of municipal employees. *Miller v, Town of South Windsor*, No. CV9970122S, 2000 WL 1765471, at *1 (Conn. Super. Ct. Oct. 27, 2000) (citing *Williams v. New Haven*, 243 Conn. 763, 766-68, 707 A.2d 1251, 1252-53 (1998)). Section 557n(a)(1)(A) provides that a municipal government is liable for negligent acts of its employees, but section (a)(2) specifically excludes acts of employees "which constitute criminal conduct, fraud, actual malice or wilful misconduct" or "negligent acts ... which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." Here, Khadafy alleges that the defendants acted deliberately and knowingly in refusing to return his property.  He further alleges that they told him he would not get his property until he cooperated and threatened to, and did, charge him with larceny because he would not provide an affidavit. These allegations are of wilful

8

misconduct. Thus, under the statute, the municipality cannot be held liable for this conduct. Khadafy's conversion claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### Declaratory Relief

Khadafy seeks declaratory relief in the form of a statement that the defendants violated his First and Fourth Amendment rights. Declaratory relief serves to "settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationship." *Colabella v. American Inst. Of Certified Pub. Accountants*, No. 10-CV-2291(KAM)(ALC), 2011 WL 4532132, at *22 (E.D.N.Y. Sept. 28, 2011) (citation omitted). As such, "[d]eclaratory relief operates prospectively to enable parties to adjudicate claims before either side suffers great damages." *Orr v. Waterbury Police Dep't*, No. 3:17-CV-788(VAB), 2018 WL 780218, at *7 (D. Conn. Feb. 8, 2018). In *Orr*, the court dismissed the request for a declaratory judgment that the defendants had violated the plaintiff's Fourth Amendment rights during his arrest because the request "concern[ed] past actions." *Id.* Khadafy seeks a declaration that the defendants violated his First and Fourth Amendment rights, a request based on past actions. Thus, it is not a proper subject for declaratory relief. The request for declaratory relief is dismissed.

In addition, "dismissal of a declaratory judgment action is warranted where the declaratory relief plaintiff seeks is duplicative of his other causes of action." *Kuhns v. Ledger*, 202 F. Supp. 3d 433, 443 (S.D.N.Y. 2016) (citation, alterations, and ellipsis omitted). If Khadafy prevails on his First and Fourth Amendment claims, a judgment in his favor would serve the same purpose as a declaration that his rights were violated. Thus, Khadafy's request for declaratory relief is not distinct from the relief sought on his First and Fourth Amendment

9

claims and is dismissed.  *See, e.g., United States v. $2,350,000.00 in Lieu of One Parcel of Property Located at 895 Lake Avenue, Greenwich, Connecticut*, 718 F. Supp. 2d 215, 229 n.7 (D. Conn. 2010) (noting that if property is not forfeited, receiver-claimants would have been shown to be prevailing innocent owners and declaration to that effect would be redundant).

**Orders**

The claim for false arrest, the request for declaratory relief, and the state law claim for conversion are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The case will proceed on the First and Fourth Amendment claims identified above against defendants Donston, Foley, and Doe.

As the state law claim is the only claim asserted against the Derby Police Department, the Clerk is directed to terminate the police department as a defendant in this case.

The court enters the following additional orders.

(1)     **The Clerk shall** mail waiver of service of process request packets containing the Complaint and this Order to defendants Donston and Foley at the Derby Police Department, 125 Water Street, Derby, CT 06418 within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver requests on the thirty-fifth day after mailing.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the cost of such service.

(2)     T**he Clerk shall** send the plaintiff a copy of this Order.

(3)     The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent.  If they choose

to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above.  They also may include all additional defenses permitted by the Federal Rules.

(4) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **November 13, 2021.**  Discovery requests **shall not** be filed with the court.

(5) All motions for summary judgment shall be filed by **December 13, 2021.**

(6) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(7) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address.  The plaintiff should also notify the defendants or the attorney for the defendants of his new address.

(8) The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court.  The plaintiff is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.

(9) The court cannot effectuate service on defendant Doe without his full name and service address.  Khadafy is directed to obtain this information and file a notice with the court

containing same within **90 days**. Once Khadafy has identified defendant Doe, the court will order service.

    **SO ORDERED** at Bridgeport, Connecticut, this 13th day of April 2021.

/s/
Kari A. Dooley
United States District Judge